CORA M. HAYS v. F. C. MERCER.

Lien — Maturity of Payments on.

It is error to embrace in a decree on a suit to enforce a purchase-money lien, the amount of any payment not then matured.[1]

On January 27, 1880, F. C. Mercer entered into an agreement to sell to Cora M. Lockhart through her husband, J. T. Lock-

---

[1] Where there are several notes secured by a vendor's lien, and all are due, the money arising from foreclosure should be applied ratably to the several notes, and this although there has been a judgment at law upon one of them. Wooten v. Buchanan, 49 Miss. 386; Kausler v. Ford, 47 Miss. 289; Aaron v. Warren, 62 Miss. 370.

hart, a tract of land for $400, and Mercer executed and delivered a deed to the land to J. T. Lockhart, made out to Cora M. Lockhart, which was filed in the office of the chancery clerk of Holmes county. Six days thereafter, J. T. Lockhart died, and shortly thereafter Mercer filed this suit in the Chancery Court of said county, alleging that though the deed recited a cash consideration of $400 for the purchase of the land, there was nothing in fact paid on same, but that the amount was to be settled in one, two, three, and four years in payments of $100 each, the first of which was to be paid by Mercer boarding for one year with the Lockharts, and that Lockhart was to secure and deliver to Mercer notes evidencing the payments, but on account of his death, was not done. The evidence shows that no payment was made on the land, and the chancellor decreed the allegations of the bill sustained, and appointed a commissioner to ascertain the amount due. The report of the commissioner showed the whole amount of the purchase price due, with interest thereon, though one of the payments had not matured.

From which decree defendant appeals.

APPEALED from Chancery Court, Holmes county, R. W. WILLIAMSON, Chancellor.

Reversed and remanded, November 3, 1884.

*Attorneys for appellant, Gwin & Noel.*

*Attorneys for appellee, Hooker & Wilson.*

Brief of Gwin & Noel:
*   *   *   We shall examine the case under the three following queries:

First. Do the pleadings set forth any such case as entitles appellee to the relief prayed?

The holder of notes maturing at different times may enforce his lien to satisfy one or more of the past due notes without waiting until all have matured. Furr *v.* Morgan, 55 Miss. 389.

When some of the notes are not due when the bill is filed, complainant should ask that those falling due before final decree shall be included in it; otherwise it is error to include them in the decree. Williams *v.* Cresswell, 51 Miss. 818.

Second. Does the testimony establish any liability against appellee as against the land?

Third. Does the testimony tend to establish any such case as entitled appellee to the relief asked?

As the bill nowhere alleges that the " promise or agreement upon which this action is brought " or some memorandum or note thereof is in writing signed by the party to be charged therewith, " who in this action is appellant or by some person by her lawfully authorized;" and as such a writing to be used would have to be set forth in, and made an exhibit to the bill; and as this action is founded on a " contract for the sale of lands," and was " not to be performed within one year from the making thereof," it is prefectly obvious that appellee has made out no such case as entitled him to the relief prayed for and given.

This statute (that of frauds) contains no exceptions in regard to such contracts, and this court has repeatedly decided that it is not for us to create exceptions where none exists. 45 Miss. 386.

As it is a cash deed, appellant's acceptance of the land under it would of itself impose no obligation of indebtedness. Neither would her possession of it so operate, had she taken possession, as was decided in the case cited. There is, however, no allegation or proof that appellant has either taken possession or proposes to do so. The case stands upon the bare issue of an allegation, and its denial of nonpayment of the deed's consideration.

Had appellant made a parol agreement upon the faith of which a deed to her had been executed, and had then declined either to perform such an agreement or to reduce it to writing, then an action for specific performance or to rescind the trade and cancel the deed might lie; but certainly not an action to enforce a verbal agreement of the nature of the one on which this suit is founded. Appellee, notwithstanding his assumed ignorance and neglect of ordinary business methods, knew this, and in attempting an explanation of his statement that under the original agreement the purchase money was to be paid by Mr. Lockhart, deposed that " the notes were to be signed by Mrs. Lockhart to make the title complete in her."

We will now take up our second query. It the evidence sufficient to establish the liability sought to be imposed on appellee?

The deed plainly and unequivocally acknowledges the receipt of its consideration, $400. While such a recital is not conclusive, it is *prima facie* evidence, and as this court has declared, " It is

important evidence in the nature of contemporary admissions by the vendor and vendee." The deed's recital of cash payment is sustained by all the uncontroverted circumstances of the case, and appellee's testimony of nonpayment is in conflict with other proof in every point except such as where no possible proof could be had from any one but him and the dead, Mr. Lockhart.

J. A. Cason wrote the deed as a cash deed, believing the trade to be a cash consideration. As Cason who was a lawyer was called upon to draw the deed, he would have been called upon to write the notes had any been contemplated.

Appellee knew it was a cash deed, and that Mr. Lockhart had requested it to be so written. Mr. Cason deposed that Mr. Lockhart had so directed him. As alleged in the bill, the deed was executed and filed for record October 26, 1880. The date of its acknowledgment as well as Mercer's deposition prove that the twenty-sixth and not the twenty-seventh of October is the true date. It was nine days after, on November fourth, that Mr. Lockhart was shot, and died the third day afterward. Appellee had been a surveyor for forty years, and had frequently drawn deeds, and was well versed in the laws on this subject; according to his own statement he did not speak to appellant on this subject for about a year or more after Mr. Lockhart's death, not until the last of 1881 or first of 1882. It is indeed incredible that appellee with his legal experience in conveyancing should have executed and delivered a deed acknowledging payment of the consideration, if the consideration had not been paid, and have taken no writing had there been any deferred payments; and it is still more incredible that he should have allowed to pass without attempting to obtain such writing, or offering any explanation of his omission, not only the nine days before Mr. Lockhart was shot, but the three days during which he was wounded and before his death; and then, for the first time, approached Lockhart's widow as to this matter a year or more after his death. At the time the trade was made, and when Mr. Lockhart was shot, appellee was a resident of the same town though not with him when he died.

Against his deed and in conflict with the undisputed facts appellee brings his unsupported testimony.  *  *  *

Brief of Hooker & Wilson:

A bill filed by appellee alleging sale of certain land to appellant and nonpayment of the purchase money. Purchase of the land by the appellants admitted, and the only defense is *payment*.

To dispose of the point raised in appellee's brief for the *first* time that no recovery can be had on account of the Statute of Frauds, it is sufficient to say that in her answer she neither denies the trade, nor pleads the Statute of Frauds, and hence cannot avail herself of the statute, even if it applied to the case at bar. Brown, Statute Frauds, § 508; 58 Miss. 842.   *   *   *

The question for the court to pass upon in this case is a question of fact and the test to be applied is, was the decree of the chancellor manifestly wrong? The appellee was entitled to his decree without any testimony on his part. The attention of the court is especially called to the allegations of the pleadings. The bill charges that the appellee sold the land in controversy to the appellant for the sum of $400, to be paid annually from the date of said deed. Defendant in her answer does not deny these allegations of the bill, does not deny that the land was sold to her for $400, payable as alleged. These are admitted and established facts. Code 1880, § 1892. These facts with the pleadings conclusively establish the sale of the land to her for $400 on a *credit*. She does answer the bill however, and the only defense pretended to be set up is the affirmative one of payment. The *onus* is upon *her* to establish the payment. The burden of proof is shifted to her shoulders.

How does she meet it? By whom and how does she prove she paid the money? She does not claim that she paid it, and she says positively that she does not know how, when, or where it was paid, nor in fact that it was ever paid for. Neither James Hays or Cason knows of any payment being made. The single and sole circumstance that the deed acknowledges the receipt of the purchase money is the only evidence tending to show payment for the land. But even the deed fails as a circumstance for the reason that the *pleadings admit that the sale was not for cash but on time.* Appellant certainly fails to prove the payment as she has alleged in her answer.

So we say that under the recognized rules of pleading and evidence, the appellee was entitled to his decree without his testimony to sustain his bill.   *   *   *

PER CURIAM:

The appellee was entitled to a decree, but not to that rendered, for according to his bill, the last installment of the purchase money was not due when the decree was made. It was, therefore,

premature to embrace that in the decree which should have been for what was then due.

We reverse the decree, and will enter here such decree as the court below should have given, or remand the cause if desired by complainant so that he may get a decree for the last installment now due.

JUDGE COOPER takes no part in this case.